# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff/Respondent,<br><br>  v.<br><br>SUSAN MARIE HOGAN,<br><br>              Defendant/Petitioner. | CIVIL CASE NO. 07CV646 J<br>CRIM CASE NO. 03CR1217 J<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** |

Before the Court is Petitioner Susan Marie Hogan's ("Petitioner") Motion for Reconsideration of the Court's order denying her 28 U.S.C. § 2255 Petition for writ of habeas corpus. [Doc. No. 51.] For the reasons set forth below, the Court **DENIES** the Motion.

On April 9, 2007, Petitioner filed a Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255. [Doc. No. 38.] Petitioner alleged that her counsel improperly advised her at sentencing, that her counsel failed to object to the sentencing enhancements she received, and that the sentencing enhancements violated her Sixth Amendment right to trial by jury. [*See generally id.*] On August 3, 2007, the Court denied the Petition, finding that Petitioner knowingly and voluntarily entered into a plea agreement. (*See* Aug. 3, 2007 Order at 8.)

1  The Court also found that Petitioner's counsel was not ineffective for failing to object to
2  the sentencing enhancements because Petitioner stipulated to the enhancements in her plea
3  agreement.  (*Id.* at 9.)  In addition, the Court found that the imposition of the sentencing
4  enhancements did not violate Petitioner's right to trial by jury because Petitioner stipulated
5  to the facts that were the basis for enhancing her sentence, and Petitioner's sentence did not
6  exceed the statutory maximum.  (*Id.* at 10.)

7  Although the instant Motion for Reconsideration does not clearly indicate the
8  grounds on which Petitioner seeks reconsideration of the Court's Order, she appears to seek
9  reconsideration of the merits of her § 2255 Petition.  She requests that the Court "re-
10 examine the claims and re-consider."  (Mot. at 2.)  She states that the Court erred in
11 applying the sentencing enhancements, and that the enhancements resulted in a sentence
12 that was "outside the proper bounds" of the Court's "realm of discretion."  (*Id.* at 1.)

13 "[A] motion [to reconsider] that seeks to revisit the federal court's denial *on the*
14 *merits* of a claim for relief should be treated as a successive habeas petition." *Gonzalez v.*
15 *Crosby*, 545 U.S. 524, 534 (2005); *see also Thompson v. Calderon*, 151 F.3d 918, 921 (9th
16 Cir. 1998) (*en banc*).  "Before presenting a second or successive motion, the moving party
17 must obtain an order from the appropriate court of appeals authorizing the district court to
18 consider the motion, as required by 28 U.S.C. § 2255, para. 8."  R. Governing § 2255 Proc.,
19 Rule 9; *see also United States v. Allen*, 157 F.3d 661, 664 (9th Cir. 1998).

20 In her Motion for Reconsideration, Petitioner seeks to revisit the portion of the
21 Court's Order finding that the sentencing enhancements were properly imposed.  (*See* Mot.
22 at 1.)  Because Petitioner seeks to revisit the merits of the Court's Order denying her
23 Petition, the Court treats her Motion for Reconsideration as a successive habeas petition.
24 *See Gonzalez*, 545 U.S. at 534.  Petitioner did not obtain authorization from the Ninth
25 Circuit Court of Appeals to file a successive section 2255 motion, and thus deprived this
26 Court of jurisdiction to reconsider her claims on the merits.  *See* 28 U.S.C. §§ 2244(a) &
27 (b)(3), 2255; R. Governing § 2255 Proc. for the U.S. Dist. Ct., Rule 9.
28 //

1 | Accordingly, Plaintiff's Motion for Reconsideration is **DENIED** for lack of jurisdiction.

2 |     **IT IS SO ORDERED.**

3 | DATED: August 29, 2007

4 | 

                                        HON. NAPOLEON A. JONES, JR.
                                        United States District Judge

6 | cc: All Parties